**FILED SCRANTON**
JUL 2 4 2009
PER M. & V.
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HILARY PALENCAR, : | |
| Plaintiff : | |
| : | CIVIL ACTION NO. 3:09-0325 |
| v. : | |
| : | (JUDGE NEALON) |
| COBLER REALTY ADVISORS, : | (MAGISTRATE JUDGE BLEWITT) |
| et al., : | |
| Defendants : | |

## MEMORANDUM and ORDER

On February 19, 2009, *pro se* Plaintiff, Hilary Palencar, commenced this action against Cobler Realty Advisors ("CRA") and the Pennsylvania Human Relations Commission ("PHRC") for alleged violations of Title VIII of the Civil Rights Act and the Fair Housing Act due to her lease at Oak Ridge Estates, in Mountaintop, Pennsylvania, being terminated because of her disability. (Docs. 1, 5, & 9). Following the filing of Plaintiff's Second Amended Complaint, Magistrate Judge Thomas M. Blewitt performed a 28 U.S.C. § 1915(e) screening of the *in forma pauperis* Motion and the complaints and on March 10, 2009 directed Plaintiff to file a Third Amended Complaint and a supplement to her Motion to Proceed *in forma pauperis*. (Doc. 18). Subsequently, Plaintiff filed multiple supplements to her *in forma pauperis* Motion (Docs. 11-16, & 21-23) and

on April 7, 2009, Plaintiff filed a Third Amended Complaint (Doc. 27) which the Magistrate Judge deemed to supersede her original pleadings. (Doc. 29, p. 4).

The Third Amended Complaint named Tiffany Epoca, Christine Rice, Kaaba Brunson, and Homer Floyd, employees of the PHRC, as additional Defendants and dropped the PHRC[1] as a Defendant. (Doc. 27). In the Third Amended Complaint, Plaintiff alleged that she has the disability of post traumatic stress disorder and, while a tenant of CRA, suffered from sleep deprivation and insomnia due to the "bass sounds of a television during the evening, night and dawn hours" "emanating from the apartment of Mary Lou Bryan, tenant in the adjacent, end-corner unit." (Doc. 27, ¶¶ 8, 11, 12, 25, and 34). Subsequent to being notified of the television noise and without investigating or taking any steps to accommodate Plaintiff's disability, CRA released Plaintiff from her lease causing her to become homeless on August 16, 2007. (Doc. 27, ¶¶ 11-36). On September 24, 2007, Plaintiff filed a constructive eviction complaint against CRA which was forwarded to the PHRC. (Doc. 27, ¶ 34). Plaintiff alleged that in the investigation of her complaint and in the investigation of the appeal of the PHRC's initial finding in favor of CRA, the named Defendant employees of the PHRC

---

[1] The Magistrate Judge's March 6, 2009 Order found that the PHRC was entitled to immunity under the Eleventh Amendment. (Doc. 10, pp. 8-10); see also (Doc. 29, p. 19, n. 7).

2

mistreated her because of her post traumatic stress disorder. (Doc. 27, ¶ 59). Plaintiff alleged that the PHRC employee Defendants violated her civil rights by, *inter alia*, failing to read the complaint, admitting questionable interviews of other tenants into evidence, interviewing the same tenants who were not in the vicinity of the noise on appeal, making statements that Plaintiff was "lucky" to have been released from her lease, failing to provide investigator with familiarity of post traumatic stress disorder, failing to inform Plaintiff of her right to obtain records pursuant to 42 U.S.C. § 3610(d)(2). (Doc. 27, pp. 6-11).

On April 16, 2009, Plaintiff filed a motion requesting the production of documents from Defendant PHRC seeking "the [PHRC]'s compliance in informing Plaintiff" if the affiants/residents of CRA relied upon in the PHRC's investigation of Plaintiff's claim are "alive and/or competent." (Doc. 28). On April 17, 2009, Magistrate Judge Blewitt, having reviewed the Plaintiff's Third Amended Complaint and her pleadings regarding proceeding *in forma pauperis* as required by § 1915(e), and having reviewed Plaintiff's motion for miscellaneous relief (Doc. 28), recommended: (1) Plaintiff be permitted to proceed against Defendant CRA on her FHA intentional discrimination claim and failure to accommodate claim, (2) Plaintiff's Americans with Disabilities Act claims and any Fourteenth Amendment claims against all Defendants be dismissed, (3) the four

PHRC Defendants (Epoca, Rice, Brunson and Floyd) be dismissed with prejudice, (4) Plaintiff's "Motion for Miscellaneous Relief" (Doc. 28) be denied, and (5) Plaintiff's *in forma pauperis* Motion (Doc. 2) be granted and the United States Marshals Service is to serve Plaintiff's Third Amended Complaint on Defendant CRA. (Doc. 29, pp. 26-27).

On April 22, 2009, Plaintiff filed an objection to the report and recommendation of Magistrate Judge Blewitt in which it appears that Plaintiff objects to the dismissal of the PHRC Employee Defendants. (Doc. 32). Following receipt of a later letter from Plaintiff in which she unclearly indicated a desire to withdraw her objection to the Magistrate Judge's report and recommendation, an order was issued directing Plaintiff to file a notice of her intention as to whether she is requesting leave to withdraw her objection. (Doc. 33). On May 29, 2009, Plaintiff requested leave to withdraw her objection (Doc. 34) and leave was granted and the objection was withdrawn (Doc. 35).

Upon review of the pleadings, Magistrate Judge Blewitt's report and recommendation, and Plaintiff's withdrawn objection, it is determined that the report and recommendation will be adopted.

**STANDARD**

When objections to a Report and Recommendation have been filed under 28

U.S.C. § 636(b)(1)(c), the Court must make a *de novo* review of those portions of the report to which objections are made. Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). A *de novo* determination is not required if the objections are not specific. Goney v. Clark, 749 F.2d 5, 6-7 (3d Cir. 1984). The Court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); Local Rule 72.3. Further, the Court may, in the exercise of sound judicial discretion, rely on the Magistrate Judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 676, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980); Goney, 749 F.2d at 7.

Although *de novo* review is not required, as Plaintiff has withdrawn her objections, an independent examination will be undertaken.

**DISCUSSION**

Magistrate Judge Blewitt determined that Plaintiff should be permitted to proceed *in forma pauperis* and that determination will be adopted. (Doc. 29, p. 27). Once it has been decided that a plaintiff should be accorded *in forma pauperis* status, the court then considers whether the complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B). Douris v. Huff, 2008 U.S. App. LEXIS 467, 469 (3d Cir. 2007); see also Douris v. Newtown Borough, Inc., 207 Fed. Appx. 242 (3d Cir. 2006). Section 1915(e)(2), provides:

5

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>    (A) the allegation of poverty is untrue; or
>    (B) the action or appeal--
>       (i) is frivolous or malicious;
>       (ii) fails to state a claim on which relief may be granted; or
>       (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). This statute "is designed largely to discourage the filing of, and waste of, judicial and private resources upon baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989) (stating that "[d]ismissals on these grounds are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering [frivolous] complaints"). While the original statute permitted sua sponte dismissal only if an action was frivolous or malicious, Congress included failure to state a claim and seeking monetary relief from a defendant immune from suit as additional grounds for sua sponte dismissal of *in forma pauperis* cases. Jones v. Bock, 127 S. Ct. 910, 920, 166 L. Ed. 2d 798 (2007); § 1915(e)(2)(B) (2000 ed.); 28 U.S.C. § 1915(d) (1994 ed.).

In considering a civil rights action under 28 U.S.C. § 1915(e)(2)(B)(ii), Federal Rule of Civil Procedure 12(b)(6), which allows for dismissal of a lawsuit for "failure to state a claim upon which relief can be granted," provides the court with guidance. Id. Pursuant to Rule 12(b)(6), the court must accept all material allegations of the complaint as true and construe all inferences in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974). However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, … a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (internal citations omitted); see also Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007) (affirming dismissal of the civil action and stating that the courts are not required to accept as true "unsupported conclusions and unwarranted inferences" or "a legal conclusion couched as a factual allegation"), cert. denied 128 S. Ct. 612, 169 L. Ed. 2d 393 (2007). A case should not be dismissed for failure to state a claim unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46,

78 S. Ct. 99, 2 L. Ed. 2d 80 (1957); Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988). Further, a complaint that sets forth facts that affirmatively demonstrate there is no right to recover is properly dismissed without leave to amend. Estelle v. Gamble, 429 U.S. 97, 107-08, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. Pa. 2002).

In the Third Amended Complaint, Plaintiff alleged claims under the Fair Housing Amendments Act of 1988 ("FHAA"), 42 U.S.C. §§ 3601-3619, against Cobler Realty Advisors and Tiffany Epoca, Chrisine Rice, Haaba Brunson, and Homer Floyd. (Doc. 27). Specifically, Plaintiff requested: (1) a declaration that Cobler Realty Advisors violated the FHAA; (2) compensatory damages against Cobler Realty Advisors under 42 U.S.C. § 3613(c); (3) "declaratory relief to Plaintiff from the Pennsylvania Commission on Human Relations that no future disabled complainant who requests an Appeal be conducted by someone familiar with the nature of his or her disability be denied reasonable accommodation of such a request;" and (4) punitive damages pursuant to 42 U.S.C. § 3617. (Doc. 27, pp. 11-12).

Plaintiff, in the Third Amended Complaint, referenced the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101-12300, but does not clearly request relief pursuant to that law. (Doc. 27, p. 6). Magistrate Judge Blewitt, presumably

in an effort to liberally construe the pleadings of the *pro se* Plaintiff, analyzed the Third Amended Complaint to determine if it sufficiently sets forth a claim against any Defendant under the Americans with Disabilities Act. (Doc. 29, pp. 20-21). The Magistrate Judge correctly concluded that Plaintiff has failed to allege an adverse employment action and, therefore, has not sufficiently pled an Americans with Disabilities Act claim under 42 U.S.C. § 12112. See Toscano v. Warren County Department of Human Services, 2009 U.S. App. LEXIS 8964, *3 (3d Cir. 2009)(prima facie case of discrimination under the ADA requires an adverse employment action) citing Turner v Hershey Chocolate USA, 440 F. 3d 604, 611 (3d Cir. 2006); see also 42 U.S.C. § 12111(a). In addition to prohibiting discrimination against the disabled in employment (42 U.S.C. § 12112), the Americans with Disabilities Act also protects against discrimination in services, programs, or activities of a public entity (42 U.S.C. § 12132), in public transportation by public entities (42 U.S.C. § 12141), in public transportation by intercity or commuter rail (42 U.S.C. § 12161), in public accommodations provided by private entities (42 U.S.C. § 12181), and public transportation services provided by private entities (42 U.S.C. § 12184). Although Plaintiff did not specify a section for any American with Disabilities Act claim but simply mentions the Act generally, it is concluded that the factual allegations of the Third

Amended Complaint fail to set forth a claim under any of the above noted sections against any Defendant. (Doc. 27).

With regards to Plaintiff's equal protection claim against the PHRC Defendants, the Magistrate Judge correctly determined that the Plaintiff failed to "sufficiently allege that the PHRC Defendants discriminated against her based on her disability during the investigations of her complaint and her appeal, when they made their findings." (Doc. 29, p. 23). There are no allegations that the PHRC employees intentionally treated Plaintiff differently from other similarly situated individuals. See Ferrone v. Onorato, 298 Fed. Appx. 190, 195 (3d Cir. 2008); citing Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S. Ct. 1073, 145 L. Ed. 2d 1060 (2000)(per curiam). Specifically, Plaintiff made no claim that the PHRC Defendants treated her differently from other disabled individuals with post traumatic stress disorder or that the PHRC Defendants treated post traumatic stress disorder different from other disabilities. (Doc. 27). The Magistrate Judge correctly ascertained that Plaintiff's allegations of misconduct by PHRC employees sound in negligence rather than intentional discriminatory conduct. See (Doc. 29, p. 19). Further, Magistrate Judge Blewitt recommended that permitting Plaintiff to file a fourth amended pleading against the PHRC Defendants would be futile. (Doc. 29, p. 27, n. 11).

In her withdrawn objection to the report and recommendation, Plaintiff analogized herself to a blind complainant to the PHRC to whom a PHRC investigator ignores the complainant's claim because of the complainant's blindness. (Doc. 32, p. 2). Plaintiff argues that similarly, an investigator can treat "as fabulous or fantastic a claim by a person whose mental and/or emotional fragility may, in the investigator's estimation, make the complainant less likely to distinguish between what is imaginary and what is real, and which thereby allows those investigators so disposed to discriminate, to discriminate in their treatment of the complainant." Id. Despite this objection, Plaintiff's FHAA claims against the PHRC Defendants fail as she did not allege that the conduct of the PHRC Defendants resulted in discrimination regarding her housing at Oak Ridge Estates. The Magistrate Judge correctly concluded that an action under the FHAA requires an allegation of discrimination in the sale or rental of a dwelling. (Doc. 29, p. 16); see also 42 U.S.C. § 3604(f)(1) and Lakeside Resort Enterprises, LP v. Board of Supervisors, 455 F.3d 154, 156 (3d Cir. 2006), cert denied 127 S. Ct. 1170, 166 L. Ed. 2d 994 (2007). Also, affording Plaintiff an additional opportunity to amend her pleading will be ineffectual as the PHRC Defendants took no direct actions regarding Plaintiff's housing. There is no doubt that the Plaintiff cannot prove a set of facts in support of her claims under the FHAA against the PHRC

Defendants. See Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988).

Magistrate Judge Blewitt also determined that Plaintiff does not have an action against the PHRC Defendants under 42 U.S.C. §1983 because said Defendants alleged actions sound in negligence. In order to state a viable §1983 claim, a plaintiff must plead two essential elements: 1) that the conduct complained of was committed by a person acting under color of state law, and 2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Groman v. Township of Manalapan, 47 F.3d 628, 633, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990). There is no question that the PHRC Defendants were acting under color of state law when they conducted the investigation of and made factual determinations regarding Plaintiff's claims of discrimination against CRA. However, Plaintiffs' allegations against the PHRC Defendants, including those in paragraph sixty-eight (68) of the Third Amended Complaint, do not state conduct that deprived Plaintiff of a constitutional right. The factual allegations against the PHRC employees, such as failing to read the complaint or failing to interview the appropriate tenants, depict the Defendants negligently handling the investigation and do not amount to deprivation of a right, privilege or immunity protected by the Constitution. A complainant, who is

unsatisfied with the results from the PHRC or who feels PHRC investigators negligently handled her complaint and appeal, can file a cause of action against the respondent to the complaint in the United States District Court. However, alleged negligent handling of the PHRC complaint does not give rise to a cause of action against the PHRC or its employees for the deprivation of a constitutionally protected right.

Lastly, the Magistrate Judge's decision to deny the Plaintiff's "Motion for Miscellaneous Relief" (Doc. 28) will be reviewed. (Doc. 29, p. 5). In said motion, Plaintiff requested the death notices and/or termination of leases of the witnesses relied upon by the PHRC[2] in its investigation. Id. Magistrate Judge Blewitt concluded that there is no relevance to the information sought by the Plaintiff in the motion. Id. Without making a determination as to the relevance of the desired materials, the motion will be denied and Plaintiff will be permitted to seek discovery in accordance with the Federal Rules of Civil Procedure following this Court's initial review of the Plaintiff's pleadings.

## CONCLUSION

Having reviewed all of the pleadings including the Third Amended

---

[2] The PHRC has been dropped from the action by the Plaintiff and therefore cannot be compelled to produce documents.

Complaint (Doc. 27), Magistrate Judge Blewitt's report and recommendation (Doc. 29), and Plaintiff's withdrawn objection (Doc. 32), it is determined that the only viable cause of action in the pleadings is Plaintiff's claim against CRA under the FHAA. Plaintiff has not sufficiently plead a cause of action against any of the PHRC Defendants or CRA under the Americans with Disabilities Act. Further, attempts at additional pleadings will not cure the deficiencies. Therefore, the report and recommendation of the Magistrate Judge will be adopted.

Date: July 24, 2009

**United States District Judge**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HILARY PALENCAR,<br>　　　Plaintiff | :<br>: |
| | : CIVIL ACTION NO. 3:09-0325 |
| v. | : |
| | : (JUDGE NEALON) |
| COBLER REALTY ADVISORS,<br>et al.,<br>　　　Defendants | : (MAGISTRATE JUDGE BLEWITT)<br>:<br>:<br>: |

## ORDER

AND NOW, THIS 24th DAY OF JULY, 2009, **IT IS HEREBY**

**ORDERED THAT:**

1. Plaintiff's Motion to proceed *in forma pauperis* (Doc. 2) is **GRANTED**;
2. Plaintiff's Motion for Miscellaneous Relief (Doc. 28) is **DENIED**;
3. The Report and Recommendation (Doc. 29) is **ADOPTED**;
4. Defendants Tiffany Epoca, Christine Rice, Kaaba Brunson, and Homer Floyd are **DISMISSED** with prejudice;
5. Plaintiff is permitted to proceed on her Fair Housing Amendments Act cause of action against Defendant Cobler Realty Advisors;
6. The United States Marshals Service is to serve Plaintiff's Third Amended Complaint on Defendant Cobler Realty Advisors;
7. Any appeal will be deemed frivolous, lacking merit, and not taken in good faith; and
8. This case is remanded to the Magistrate Judge for further proceedings.

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**