# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HILARY PALENCAR, | : | |
| | : | Civil Action No. 3:09-CV-0325 |
| Plaintiff | : | |
| | : | (Judge Nealon) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| COBLER REALTY ADVISORS, | : | |
| | : | |
| Defendant | : | |

## MEMORANDUM

## I.    INTRODUCTION

Pending before the Court in the above-captioned action is Plaintiff Hilary Palencar's motion for miscellaneous relief in which she petitions the Court "for minimal and circumspect assistance in the issuance of subpoenas and the taking of discovery depositions." (Doc. 63.)  Plaintiff is, in essence, requesting that the Court either waive or otherwise finance the discovery costs that Plaintiff alleges she will incur in connection with prosecuting her lawsuit.  Claiming that it is "ludicrous" to require that she be expected to pay for her own discovery in a case in which she has been granted leave to proceed *in forma pauperis* (id. at 1), Plaintiff contends that she is without adequate resources to allow her to pay for the

discovery she claims to need in this action.[1] Plaintiff has submitted a brief in support of her motion (Doc. 64), in which she analogizes any requirement that she be required to pay for the discovery costs that she incurs to the imposition of monetary sanctions against her, which she maintains would be unjust given her limited financial means.

Though the Court is mindful of the financial toll that civil litigation may impose on plaintiffs and defendants alike, and while the Court appreciates the dilemma in which Plaintiff finds herself in this case, the Court is without statutory or legal authority to relieve Plaintiff from her obligation to pay for the discovery costs that she incurs in this case or otherwise to grant the relief Plaintiff requests. Accordingly, the for the reasons that follow, the motion will be denied.

## II. BACKGROUND

In this action, Plaintiff alleges that Defendant Cobler Realty Advisors ("Cobler" or "Defendant") violated provisions of the Fair Housing Act, 42 U.S.C. §§ 3601 et seq., in connection with Plaintiff's short-lived tenancy at an apartment complex that Cobler owns and operates in Mountain Top, Pennsylvania. In

---

[1] Plaintiff claims that she requires certain records from the Pennsylvania Human Relations Commission ("PHRC"), and Plaintiff also states that she will need to issue several subpoenas requesting the production of various records and written documents from Defendant and other third parties. Lastly, Plaintiff notes her intention to depose all of the individuals that Defendant identified as witnesses in the parties' joint case management plan, as well as two individuals from the PHRC.

particular, Plaintiff alleges that Cobler failed to accommodate her alleged post-traumatic stress disorder, and that Cobler constructively discharged Plaintiff from her tenancy at the apartment complex, and that such discharge was unlawful.

Upon commencing this action, Plaintiff moved for leave to proceed *in forma pauperis* ("IFP"). After Plaintiff supplemented her application to proceed IFP with additional documents, as directed by the Court, the Court granted the motion and directed the United States Marshal to serve Plaintiff's amended complaint upon Defendant.[2] Defendant answered the amended complaint on October 12, 2009. (Doc. 53.) Thereafter, the Court entered an order scheduling a case management conference with the parties for November 13, 2009. (Doc. 54.) In the motion now before the Court, Plaintiff has petitioned to be relieved of the financial costs associated with propounding and conducting discovery in this case. Because the Court lacks legal authority to grant the requested relief, Plaintiff's motion will be denied.

## III. DISCUSSION

Plaintiffs in federal court who are granted leave to proceed IFP, and who are therefore relieved of the obligation to pay the costs of filing a complaint and

---

[2] Plaintiff originally named several individual employees of the PHRC as defendants, but the Court dismissed Plaintiff's claims against these individuals during the IFP screening process imposed by 28 U.S.C. § 1915(e)(2)(B)(ii).

serving process to initiate the action, are entitled to use any of the discovery methods prescribed by the Federal Rules of Civil Procedure. However, nothing in 28 U.S.C. § 1915 authorizes federal courts to finance or pay for a party's discovery expenses incurred while prosecuting a lawsuit, even if that party has been granted leave to proceed IFP under 28 U.S.C. § 1915(a). Review of the caselaw reveals that numerous courts within and without the Third Circuit have recognized the limitations of federal courts to relieve indigent litigants from the costs of pre-trial discovery. See, e.g., Brooks v. Quinn, 257 F.R.D. 515, 417 (D. Del. 2009) ("Although plaintiff is proceeding in forma pauperis, the court has no authority to finance or pay for a party's discovery expenses. . . . It is plaintiff's responsibility to pay for the costs associated with the taking of a deposition."); Augustin v. New Century TRS Holding, Inc., No. 08-326, 2008 U.S. Dist. LEXIS 96236, at *7-9 (W.D. Pa. Nov. 25, 2008) (denying plaintiff's IFP application to cover costs for discovery requests); Badman v. Stark, 139 F.R.D. 601, 605 (M.D. Pa. 1991) (28 U.S.C. § 1915 does not require the government to advance funds for deposition expenses); Toliver v. Community Action Comm'n to Help the Econ., 613 F. Supp. 1070, 1072 (S.D.N.Y. 1985) (no clear statutory authority for the repayment of discovery costs for IFP plaintiff); Sturdevant v. Deer, 69 F.R.D. 17, 19 (E.D. Wis. 1975) (concluding that 28 U.S.C. § 1915 "does not extend to the

cost of taking and transcribing a deposition."); Ebenhart v. Power, 309 F. Supp. 660, 661 (S.D.N.Y. 1969) ("Grave doubts exist as to whether [28 U.S.C. § 1915] authorizes this court to order the appropriation of Government funds in civil suits to aid private litigants in conducting pre-trial discovery."); see also Tabron v. Grace, 6 F.3d 147, 159 (3d Cir. 1993) ("There is no provision in [28 U.S.C. § 1915] for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant.").[3]

As the foregoing cases make clear, the Court lacks the lawful authority to help finance, or relieve Plaintiff from, the costs associated with taking pre-trial discovery and otherwise prosecuting her claims in federal court. Aside from the fact that the law does not authorize the Court to grant relief Plaintiff seeks, the

---

[3] In Tabron, the Third Circuit did acknowledge that a district court, as part of its "inherent equitable powers" in supervising discovery, maintains the "discretion to order an opposing party to pay for or to provide copies of deposition transcripts for an indigent litigant as a condition precedent to allowing that party to take depositions." Tabron, 6 F.3d at 159. The fact that the Court enjoys broad equitable powers in the area of pre-trial discovery, however, does not compel the conclusion that the Court has authority to finance discovery expenses for IFP litigants or to relieve them of such costs altogether. In her motion, Plaintiff devotes most of her rhetorical effort to reminding the Court about her financial hardship, noting various expenses she has already incurred, and offering criticisms of a civil litigation system that she believes is unfair to indigent litigants. However, Plaintiff has neglected to explain in any meaningful way the necessity for the broad discovery she claims she needs in this case to prove her claims. The Court finds that even if its equitable powers provided it the ability to grant some form of relief, Plaintiff has not demonstrated that such relief would be warranted.

Court notes that Plaintiff has provided no explanation as to why the broad discovery she seeks is necessary for her to prosecute her claims against Cobler.[4]

For the foregoing reasons, Plaintiff's motion for assistance in issuing subpoenas and taking depositions, and to be relieved of the expenses associated with taking discovery in support of her claims, will be denied. An order consistent with this memorandum follows.

---

[4] Although the Court declines to examine or comment upon Plaintiff's litigation strategy, the Court does find it appropriate to advise Plaintiff that in lieu of oral depositions, the Federal Rules of Civil Procedure permit litigants to take depositions of parties and witnesses upon written questions. See Fed. R. Civ. P. 31. Plaintiff may wish to consult this procedural rule as she makes her litigation decisions going forward, as depositions upon written questions may mitigate some of the costs associated with traditional oral depositions. In noting the availability of written depositions under Rule 31, the Court emphasizes that it is not recommending that Plaintiff necessarily utilize written depositions in this case or that Plaintiff make any other particular decisions regarding the discovery she may wish to undertake, but notes only that written depositions may offer a way to alleviate some of the financial burden that civil litigation can impose upon indigent litigants.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HILARY PALENCAR, | : |
| | : Civil Action No. 3:09-CV-0325 |
|     Plaintiff | : |
| | : (Judge Nealon) |
| v. | : |
| | : (Magistrate Judge Carlson) |
| COBLER REALTY ADVISORS, | : |
| | : |
|     Defendant | : |

## ORDER

AND NOW, this 9th day of November, 2009, upon consideration of Plaintiff's motion for relief (Doc. 63) in which she seeks assistance in issuing subpoenas and taking depositions, and to be relieved of the expenses associated with taking discovery in support of her claims; and the Court finding that it lacks the lawful authority to grant the requested relief; and for the reasons more fully set forth in the memorandum entered herewith; IT IS HEREBY ORDERED THAT the motion is DENIED.

/s/ Martin C. Carlson
Martin C. Carlson
United States Magistrate Judge